This is a breach of contract action. Rex Thorne of Diesel Repower Systems, Inc. ("Diesel Repower"), contracted to sell five phase 1710 Cummings Diesel engines to C S Sales Group ("C S"), a partnership owned by Don Crosby and Dennis Stringer. C S planned to resell the engines to Oregon Parts Company ("Oregon Parts"). The engines were not delivered by Diesel Repower as promised. When Oregon Parts did not receive the engines, it sued C S in an Oregon court and received a judgment against C S for $32,121.76. In response, C S sued Rex Thorne and Diesel Repower Systems, Inc., for the amount it had to pay Oregon Parts. The jury returned a verdict against Rex Thorne, individually, for $32,121.76 in compensatory damages. The court entered a judgment on that verdict and Thorne appeals. We affirm.
Thorne had provided Crosby with the serial numbers of the particular engines during a phone conversation. Thorne had agreed to inspect the engines and have them ready for shipment no later than November 4, 1987. C S sent $2,000 to Diesel Repower Systems, Inc., on October 19, 1987. On October 28, 1987, C S sent the balance of $23,000 to Rex Thorne.
After the engines were not delivered when promised, Stringer went to get the engines from Thorne in Montgomery. Upon arrival, Stringer discovered that Thorne did not have the engines with the serial numbers he had promised. Thorne agreed to give Stringer three incomplete engines and to supply the missing parts. Thorne claimed that he had obtained an agreement from Oregon Parts that these replacements would be satisfactory. C S received three engine portions, none of which was complete. One of the engines had been burned and could not be used at all.
C S filed its complaint against Rex Thorne and Diesel Repower Systems, Inc., in January 1989. It alleged the following causes of action against Thorne and Diesel Repower: breach of contract, detrimental reliance, intentional misrepresentation, and breach of implied warranty for a particular purpose. Diesel Repower filed a motion to dismiss, alleging that the issues between the parties had already been resolved by the Oregon court. The trial court denied this motion. After a trial on November 17, 1989, the jury awarded C S compensatory damages of $32,121.76 against Rex Thorne, individually. *Page 1266 
Thorne filed a motion for a new trial or, in the alternative, for j.n.o.v. The trial court denied that motion. Thorne appealed. Thorne argues three errors by the trial court. First, Thorne argues that the admission of a copy of the Oregon judgment into evidence was error. Second, because the C S partnership had been dissolved before the complaint was filed, he argues that C S lacked the capacity to file a complaint. Finally, Thorne argues that the evidence was contrary to the verdict, which pierced the corporate veil and held Thorne personally liable.
The trial court did not err in admitting the copy of the Oregon judgment into evidence. While testifying, Don Crosby of C S stated that a judgment had been rendered in favor of Oregon Parts and against C S, Dennis Stringer, and Don Crosby. Diesel Repower and Thorne were not parties to the Oregon action. The trial court correctly admitted into evidence a printed copy of the judgment to which Crosby was referring. The "best evidence" rule allows such evidence. According to C. Gamble, McElroy's Alabama Evidence § 212.02 (3d ed. 1977), the admission of the writing helps to prevent any misconstruction of the written provisions, because a writing is deemed more reliable than oral testimony.
A copy of the original judgment rendered in Oregon is admissible under the rule stated in § 217.01, McElroy's AlabamaEvidence, supra. That section states in pertinent part:
 "If the original writing is in the possession or control of a third person outside Alabama, no effort need be made to get it from him, by deposition or otherwise, as a condition precedent to the introduction of secondary evidence. Stated differently, absence of primary evidence from the jurisdiction of the court is ground for admission of secondary evidence."
Thorne's second contention of error is that C S lacked the capacity to sue and receive a judgment. Because C S had been dissolved before the lawsuit was filed, Thorne argues that the trial court should have granted his motion for a directed verdict. Thorne also claims that the judgment rendered against him is void and unenforceable. We disagree.
First, Thorne's argument fails because he did not raise this issue in the trial court. A.R.Civ.P. 9(a). Even if the issue had been raised, however, the argument would fail. "On dissolution, the partnership is not terminated, but continues until the winding up of partnership affairs is completed." Alabama Code 1975, § 10-8-93. Despite Thorne's allegations, C 
S, a dissolved partnership winding up business, had the right to pursue claims such as this one under Alabama Code 1975, § 10-8-95(a). In the present case, Thorne had not completed performance of his obligations under the contract. C S, as a party to the contract, could continue to pursue the enforcement of its rights under the contract after dissolution. Thorne's obligation to C S was a partnership asset. Like liabilities, assets continue to exist after dissolution of the partnership.
A decision to pierce the corporate veil is based on the facts of a particular case. Where a corporation's assets and stock are controlled by persons who use the corporation as a mere instrumentality, a court is not required to recognize the corporation as a separate entity. Barrett v. Odom, May DeBuys, 453 So.2d 729 (Ala. 1984).
In the present case, Rex Thorne and his wife equally own all of Diesel Repower's stock. Thorne owns all of the vehicles used by the corporation. The rent he received from the corporation was the sum of the cost of insurance, maintenance expenses, and loan payments. Once the loans for the vehicles were repaid, the vehicles were owned by Thorne. The corporation also failed to follow corporate formalities. The only corporate minutes are those that contain approval for leasing vehicles from Thorne.
The corporation was heavily subsidized by Thorne and his wife. Over a two-year period, Thorne and his wife made approximately 15 to 20 loans to the corporation. *Page 1267 
Thorne and his wife received very modest salaries from the corporation in comparison to their contributions. Thorne's sign, located above his business, did not indicate the existence of a corporation. The sign read "Thorne's Diesel Service."
"The function of the jury, which is authorized to draw all reasonable inferences from the evidence, is to resolve controverted factual inferences." George v. Nevett,462 So.2d 728 (Ala. 1984). Having heard the evidence and having received proper instructions, the jury decided that Thorne had used his corporation as an alter ego and held him individually liable. The jury's verdict is presumed to be correct, and that presumption is strengthened by the trial court's denial of the motion for a new trial. Stokes v. Long-Lewis Ford, Inc.,549 So.2d 51, 52 (Ala. 1989); Merrell v. Joe Bullard Oldsmobile,Inc., 529 So.2d 943, 946 (Ala. 1988).
The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.