Although this case involves a boundary line dispute, the dispositive issue before us is whether, under the circumstances of this case, the trial court's denying the defendants' "motion" for a continuance of their trial deprived them of their constitutional and procedural rights to counsel and to a trial by jury.
The plaintiffs, Billy Woods and Deva Woods, sued Wayne Beavers and Linda Beavers, seeking a judicial determination of the boundary line between their respective properties; the Woodses claimed certain land by adverse possession and sought a declaration that they had title to that land, and they sought to enjoin the Beaverses from encroaching upon or trespassing on that land. The Beaverses answered pro se, requesting "a trial date as soon as possible." The following day, on December 18, 1991, the trial judge entered a "CIVIL NON-JURY PRETRIAL ORDER," the first paragraph of which stated that "this cause is scheduled for final hearing on the 2nd day of March 1992, at 9:00 o'clock a.m."
Thereafter, in January 1992, the Beaverses took the pre-trial notice to the clerk's office for advice as to whether they needed an attorney for the March 2, 1992, "final hearing," and they also told the clerk that they wanted a jury trial. The clerk told the Beaverses that they had plenty of time to retain an attorney for the trial of the case and that they could request a jury at the March 2 hearing. Mr. Beavers testified that he subsequently learned from an attorney that what Mr. Beavers and the clerk had "thought was a pre-trial hearing was in fact the trial," and Mr. Beavers said that he and the clerk "immediately met with the trial judge on Friday afternoon, February 28, 1992 [the Friday before the March 2 'final hearing'], to seek a continuance of said trial so he could retain counsel and have a jury trial and to explain the reason for this seemingly delayed request for the same." According to the affidavit filed by the clerk, both he and Mr. Beavers "misread the notice"; the clerk confirmed that on February 28, 1992 (the Friday before the March 2 "final hearing"), he went with the Beaverses to explain to the judge why the Beaverses were not represented by an attorney and that they had requested a jury trial. The trial judge told the Beaverses that he could not postpone the trial without the consent of the Woodses' attorney. The *Page 1345 
Beaverses were unable to locate the Woodses' attorney to ask for that consent. The case proceeded to trial without a jury and with the Beaverses appearing pro se.
At trial, when the Beaverses attempted to introduce a survey of the property, the trial court sustained the Woodses' objection, holding that "the proper evidentiary predicate [had] not been laid for that survey to be admitted in evidence." After hearing the evidence, the trial court asked to view the property; no one objected. The Beaverses then suggested that the trial court "appoint another survey to be run," saying, "that should settle it right there." Thereafter, the trial court ordered a survey of the section line between the properties at issue, reserving "jurisdiction to render final order resolving the issues between the parties upon completion of the survey and the surveyor's report to the court, and to conduct further hearings as may be necessary."
After viewing the property with the consent of the parties and in their presence and after considering all of the evidence and the report of the surveyor, the trial court entered a judgment for the Woodses, holding that they owned the property in question by prescription, having exercised the requisite possession and prescriptive acts for longer than the requisite period.
The Beaverses, having retained counsel, moved for a new trial, alleging only that they were denied their constitutional rights to counsel and to a jury trial because of the erroneous advice given them by the clerk and because of the trial court's denial of their "motion" for a continuance. The trial court denied the motion for a new trial. The Beaverses appeal. We affirm.
There is no evidence in the record that anyone prevented the Beaverses from seeking counsel or a jury trial prior to the date of the trial; and there was no indication in the Beaverses' answer to the complaint or in any other documents filed with the court that they sought a jury trial. See Rule 38, Ala.R.Civ.P.
Furthermore, where a true boundary line lies is a question for the trial court, Bell v. Jackson, 530 So.2d 42 (Ala. 1988). Neither side is entitled to a jury trial as a matter of right in a boundary line dispute (see Ala. Code 1975, § 35-3-2); unless the parties have consented to a trial by jury under Rule 39(c), if the question is submitted to a jury, its verdict is merely advisory and can be rejected by the trial court. Whitev. Berrey, 266 Ala. 379, 96 So.2d 725 (1957); Lucas v. Scott,247 Ala. 540, 24 So.2d 247 (1945).
In addition, we note that, pursuant to Rule 7(b), Ala.R.Civ.P., all motions, "unless made during a hearing or trial, shall be made in writing." The Beaverses filed no written motion for a continuance of the trial and they made no such motion at the trial. Even assuming that under the facts of this case the actions of the Beaverses amounted to a "motion" for a continuance, whether to grant or to deny a motion for a continuance is a matter of discretion with the trial court and the court's ruling on that question will not be reversed except for an abuse of discretion. See, e.g., Wood v. BenedictineSociety of Alabama, Inc., 530 So.2d 801 (Ala. 1988); Scullin v.Cameron, 518 So.2d 695 (Ala. 1987); Steele v. Gill, 283 Ala. 364, 217 So.2d 75 (1968).
From a review of the record, we find no abuse of discretion by the trial court in denying the Beaverses' motion for continuance — assuming that their actions amounted to such a motion.
AFFIRMED.
MADDOX, ALMON, SHORES, ADAMS, STEAGALL and INGRAM, JJ., concur.
KENNEDY, J., dissents. *Page 1346