788 So.2d 140 (2000)
Ex parte Martha THORN and Rex Thorn, and
Ex parte Thorn's Diesel Service, Inc.
(Re Raymond Victor Bethel
v.
Diesel "Repower," Inc., et al.)
1991278 and 1991279.
Supreme Court of Alabama.
December 15, 2000.
*141 Richard A. Lawrence, Montgomery, for petitioners.
Michael K. Wright and Geoffrey S. Bald of Starnes & Atchison, L.L.P., Birmingham, for respondent.
SEE, Justice.
These petitions for the writ of mandamus seek an order directing the Montgomery Circuit Court to strike, as to the theory of piercing the corporate veil, plaintiff Raymond Victor Bethel's jury demand and to separate or sever that aspect of the case for trial before the judge. We grant the petitions.
In April 1998, Bethel sued Diesel "Repower," Inc. ("Diesel"), and its president, Rex Thorn, alleging breach of contract, fraud, fraudulent suppression, and negligence. Bethel's allegations arose out of two contracts between him and Diesel. The first contract was for Bethel's purchase of a marine engine and transmission; the second was for Bethel's purchase of three generators. Bethel claimed that he never received from Diesel the engine, the transmission, or any of the generators that he says he purchased and paid for in full. The original complaint requested a jury trial.
Thorn and Diesel each moved, pursuant to Rule 12(b)(6), Ala.R.Civ.P., to dismiss Bethel's complaint for failure to state a claim upon which relief can be granted. The trial court granted Thorn's motion to dismiss, but denied Diesel's. The trial court entered a final judgment in favor of Thorn and against Bethel, pursuant to Rule 54(b), Ala.R.Civ.P. Bethel appealed from the trial court's judgment, as it related *142 to the fraud and fraudulent-suppression claims. This Court held that Bethel had stated claims against Thorn for promissory fraud, fraudulent misrepresentation, and fraudulent suppression. See Bethel v. Thorn, 757 So.2d 1154, 1162 (Ala.1999).
After this Court had issued its opinion, Bethel filed an amended complaint, seeking to add Martha Thorn and Thorn's Diesel Service, Inc. ("Service"), as parties to the case, and to pierce Diesel's corporate veil. Bethel alleged that Diesel and its successor corporation, Service, were alter egos of Rex and Martha Thorn. Bethel also requested a jury trial on all counts asserted in the amended, or in the original, complaint.
The Thorns and Service moved to sever the claims seeking to pierce the corporate veil and impose individual liability on Rex and Martha Thorn, and to strike the jury demand as to those claims. The trial court denied the Thorns and Service's motions, and they now petition this Court for writs of mandamus. The Thorns and Service contend that a party seeking to pierce the corporate veil has no right to a jury trial because, they argue, that theory is equitable in nature. They further argue that to include the piercing-the-corporate-veil issue in the jury trial would allow irrelevant and prejudicial evidence to be presented to the jury. We agree.
In Ex parte Edgar, 543 So.2d 682 (Ala.1989), this Court stated the standard governing the issuance of a writ of mandamus:
"[M]andamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."
In determining whether a party has a right to a jury trial, this Court has looked to Article 1, § 11, of the Constitution of Alabama of 1901. This Court has stated:
"Article 1, § 11 of the Alabama Constitution of 1901 is a source of the right to jury trial in this state. That section provides: `That the right of trial by jury shall remain inviolate.' ...
"This provision has been interpreted to provide for jury trial in those classes of cases in which the right existed at common law, or in which it was used at the time of the adoption of the Constitution. Alford v. State, 170 Ala. 178, 188, 54 So. 213, 215 (1910). This embraces all purely legal rights and contentions which were known to the common law and which had no element of equitable cognizance in their composition and in which a trial by jury existed. Tillery v. Commercial National Bank, 241 Ala. 653, 4 So.2d 125 (1941); Montgomery & Florida Ry. v. McKenzie, 85 Ala. 546, 549, 5 So. 322 (1889).
"Section 11, supra, however, in no way enlarges the right of jury trial. It does not extend to cases where jury trial was not available as of right prior to the Constitution. State v. Bley, 162 Ala. 239, 50 So. 263 (1909). Nor does it extend to causes totally unknown to the common law or to the statutory law as it existed at the time of the adoption of the Constitution. [In re One Chevrolet Automobile], 205 Ala. 337, 87 So. 592 (1921); Tims v. State, 26 Ala. 165 (1855)."
W & H Mach. & Tool Co. v. National Distillers & Chem. Corp., 291 Ala. 517, 520, 283 So.2d 173, 175-76 (1973). At common law, purely legal claims were guaranteed the right to a jury trial. Finance, Investment & Rediscount Co. v. Wells, 409 So.2d 1341, 1343 (Ala.1981) (citing Tillery *143 v. Commercial Nat'l Bank, 241 Ala. 653, 4 So.2d 125 (1941)). On the other hand, equitable claims carried no constitutional right to a jury trial. Wells, 409 So.2d at 1343 (citing Pugh v. Calloway, 295 Ala. 139, 325 So.2d 135 (1976)).
The doctrine of "piercing the corporate veil" is equitable in nature. 1 William Meade Fletcher, Fletcher Cyclopedia of the Law of Private Corporations § 41.25 (perm. ed. rev.vol.1999); accord Lyons v. Lyons, 340 So.2d 450, 451 (Ala.Civ.App. 1976) ("A court of equity looks through form to substance and has often disregarded the corporate form when it was fiction in fact and deed and was merely serving the personal use and convenience of the owner."). In W & H Mach. & Tool Co. v. National Distillers & Chem. Corp., supra, this Court held that a claim to pierce the corporate veil on an alter ego theory was an equitable claim and, therefore, provided no right to a jury trial. In that case, the plaintiff sued in assumpsit, at law, to recover money damages for the price of goods sold to the subsidiary debtor corporation, a company alleged to be the instrumentality and alter ego of the defendant holding corporation. 291 Ala. at 519, 283 So.2d at 175. The circuit court transferred the case from its law division to its equity division, concluding that the claims could be disposed of only in equity. Id. Acknowledging that "[t]he right to a jury trial is the real issue in contention between the parties," 291 Ala. at 520, 283 So.2d at 175, this Court denied the plaintiff's petition for a writ of mandamus, holding that the application of the instrumentality rule in the nontort context properly invoked the jurisdiction of the equity division of the trial court. 291 Ala. at 522, 283 So.2d at 177.
National Distillers was decided before the July 3, 1973, effective date[1] of the Alabama Rules of Civil Procedure,[2] which merged legal and equitable actions into one "civil action." Rule 2, Ala.R.Civ.P. Although the Rules "supply one uniform procedure by which a litigant may present his claim in an orderly manner to a court empowered to give him whatever relief is appropriate and just,"[3] they leave intact one procedural difference between equity and lawthe right to a jury trial.
Under Rule 38(a), Ala.R.Civ.P., "[t]he right of trial by jury as declared by the Constitution of Alabama or as given by a statute of this State shall be preserved to the parties inviolate"; however, the fact that law and equity have been merged necessarily means that courts will be presented "cases in which issues to be tried to the jury are combined with issues to be tried to the court." Committee Comments to Rule 38, Ala.R.Civ.P. The test for determining when there is a right to trial by jury is: "[I]f an issue is of a sort which heretofore would have been tried to a jury, then the party has a constitutional right... to have it tried to a jury under the merged procedure." Committee Comments to Rule 38, Ala.R.Civ.P.
*144 In Finance, Investment & Rediscount Co. v. Wells, supra, decided in the context of a shareholder's derivative action, this Court revisited the question of when parties have a right to a jury trial. In that case, minority shareholders alleged mismanagement, breach of fiduciary duty, misappropriation of corporate funds, and diversion of corporate opportunities. 409 So.2d at 1342. This Court decided that those claims had been properly tried without a jury, because a shareholder's derivative action is equitable in nature; but this Court stated that the plaintiff's promissory-note claim had been properly tried before a jury, "because it was a purely legal [claim] asserted by [the] plaintiffs in their individual capacity and was not an issue raised derivatively on behalf of the corporation." Id. at 1343. On rehearing, in order to harmonize Wells with Ross v. Bernhard, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970), this Court reconsidered its original holding and announced that the right of trial by jury extended to a stockholder's derivative action, even though such an action was historically equitable. Wells, 409 So.2d at 1344.
Ross v. Bernhard, 396 U.S. 531, 542, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970), held that "the Seventh Amendment preserves to the parties in a stockholder's suit the same right to a jury trial that historically belonged to the corporation and to those against whom the corporation pressed its legal claims." Bernhard explained that the preliminary question whether the derivative shareholder action may proceed is a question in equity to be decided by the trial court. 396 U.S. at 538, 90 S.Ct. 733. Once that question is answered, the corporation becomes the real party in interest and the jury may decide the legal issues:
"The heart of the action is the corporate claim. If it presents a legal issue, one entitling the corporation to a jury trial under the Seventh Amendment, the right to a jury is not forfeited merely because the stockholder's right to sue must first be adjudicated as an equitable issue triable to the court."
Bernhard, 396 U.S. at 538-39, 90 S.Ct. 733. Thus, under Bernhard, equitable issues are still to be determined by the trial court. Once the equitable issues are determined, the legal claims are submitted to the jury for its determination. 396 U.S. at 539-40, 90 S.Ct. 733. That a particular claim has equitable issues does not automatically take that claim away from the jury; instead, under postmerger law, in a civil action involving both equitable and legal issues, the trial court must decide the equitable issues without the assistance of a jury and, if a jury is requested, try the legal issues with a jury. Ex parte Reynolds, 447 So.2d 701, 703 (Ala.1984) ("It is for the trial court to determine the equitable issues, and for the jury to determine any remaining legal issues.").
Accordingly, when both legal and equitable claims are joined in one action, then, the trial judge must arrange the order of trial so that the judge's decision on the equitable issues does not operate to deny a trial by the jury of the legal issues. See Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 510-11, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) (stating that "only under the most imperative circumstances, ... can the right to a jury trial of legal issues be lost through prior determination of equitable claims"); accord Crommelin v. Fain, 403 So.2d 177, 185 (Ala.1981). A jury first must decide any factual issues that are purely legal in nature, along with any factual issues common to the legal and equitable claims. See Dairy Queen, Inc. v. Wood, 369 U.S. 469, 479, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962) (holding that because the factual issues relating to the petitioner's *145 breach of contract claim "[were] common with those upon which [the] respondents' claim to equitable relief [was] based, the legal claims involved in the action [had to] be determined prior to any final court determination of respondents' equitable claims"); see also 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2302.1, at 29 (2d ed.1995); 1 Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated § 2.2 at 24 (3d ed. 1996) ("[Beacon Theatres] held that the questions of fact common to the legal and equitable [claims] must be decided first by the jury, for to permit the court to make findings on these common issues of fact would deprive the litigant of his right to [a] jury trial."). Once those factual findings are made, the trial judge must determine the remaining equitable issues. See Dairy Queen, 369 U.S. at 470, 82 S.Ct. 894.
As discussed above, the piercing-the-corporate-veil doctrine is an equitable doctrine. See National Distillers, supra. However, that doctrine is not a claim; "[i]t merely furnishes a means for a complainant to reach a second corporation or individual upon a cause of action that otherwise would have existed only against the first corporation." 1 William Meade Fletcher, Fletcher Cyclopedia of the Law of Private Corporations § 41.10 (perm. ed. rev.vol.1999). Therefore, to the extent that Bethel's claims raise equitable issues, the trial court must dispose of those issues without a jury, and to the extent Bethel's underlying claims of promissory fraud, fraudulent misrepresentation, and fraudulent suppression sound in law, those claims must be decided by a jury. In addition, those factual questions that are purely legal in nature, as well as those common to the legal and equitable issues, must first be decided by the jury. Dairy Queen, Inc., supra.
Bethel argues that this conclusion is contrary to a number of cases upholding jury determinations to pierce the corporate veil. See Thorne v. C & S Sales Group, 577 So.2d 1264 (Ala.1991) (upholding a jury's determination that a stockholder had used the corporation as an alter ego and holding the stockholder liable for breach of contract); Baldwin County Sav. & Loan Ass'n v. Chancellor Land Co., 533 So.2d 217 (Ala.1988) (stating that whether one is the alter ego of another is a question of fact for the jury). However, in each of these cases, the issue of a party's right to a trial by jury on equitable claims was never raised and, therefore, was not considered by this Court.
We grant in part the petitions of the Thorns and Service for the writ of mandamus. We direct the trial court to vacate its order denying the Thorns and Service's motions to strike the jury demand. The legal issues first must be tried to the jury, and then the equitable issues must be tried to the court. The trial court did not abuse its discretion in denying the Thorns and Service's motions to the extent they requested a severance of the piercing-the-corporate-veil issues, because those issues are not a claim;[4] therefore, the petitions are denied to the extent they sought severance. However, we direct the trial court to separate the equitable issues for purposes of trial.[5] See Rule 42, Ala.R.Civ. *146 P., "Comments on 1973 Adoption" ("[T]he merger of law and equity, and consequent possibility of intermingling of issues to be tried by the jury with issues to be tried by the court, necessitates a rule such as this one which will permit the court to shape the order of trial.").
PETITIONS GRANTED IN PART AND DENIED IN PART; AND WRITS ISSUED.
HOOPER, C.J., and MADDOX, HOUSTON, LYONS, BROWN, and ENGLAND, JJ., concur.
JOHNSTONE, J., concurs specially.
JOHNSTONE, Justice (concurring specially).
There are good reasons why those aspects of Bethel's claims seeking to pierce the corporate veil are equitable. First, in some, Bethel seeks for the Court to relieve him of his original agreement and acknowledgment that the other party to the contract was a corporate entity and seeks for the Court to reform the contract into one binding the principals of the corporate entity, instead of the corporate entity itself. Second, in others, Bethel seeks to impose tort liability on Mrs. Thorn for the torts of what Bethel originally agreed and acknowledged was a corporate entity, as though, in essence, Mrs. Thorn were in partnership with Mr. Thorn.
A different case entirely would be presented if Bethel had always dealt with the Thorns as individuals or as business partners and had originally sued them in those capacities. In such an event, their interposing as a defense that they were really merely the principals of a corporate entity would not necessarily avoid Bethel's right to a jury trial on that aspect of the case; in that case, Bethel, not asking the Court for reformation or other equitable dispensation, could maintain, if true, that this particular defense by the Thorns was a mere sham. Because such a position would not be seeking an equitable remedy, it would be triable by a jury.
NOTES
[1] See Supreme Court of Alabama Order of January 3, 1973, adopting the Alabama Rules of Civil Procedure, reprinted in Alabama Rules of Court 1977, at XIII (West 1976).
[2] This Court, in National Distillers, recognized that the Alabama Rules of Civil Procedure had become effective while that case was pending. Accordingly, this Court stated, "We do not decide whether, or to what extent, these `Rules' apply to these causes. Neither do we decide to what extent Rules 38 and 39 may affect these causes, should the `Rules' be considered applicable by the trial court." National Distillers, 291 Ala. at 522 n. 3, 283 So.2d at 177 n. 3 (citation omitted).
[3] Committee Comments to Rule 2, Ala. R.Civ.P.
[4] See 1 William Meade Fletcher, Fletcher Cyclopedia of the Law of Private Corporations § 41.10 (perm. ed. rev.vol.1999). Further, "severance" is defined as the "separation of claims, by the court, ... to permit separate actions on each claim or to allow certain interlocutory orders to become final." Black's Law Dictionary 1378 (7th ed.1999).
[5] Because we grant the Thorns and Service's petitions on the ground that Bethel does not have a right to a jury trial on the alter ego/piercing-the-corporate-veil issues, we pretermit discussion of the Thorns and Service's alternative argument that the petitions should be granted to avoid prejudice.