828 So.2d 883 (2001)
Ex parte James R. TAYLOR, Sylvia Ann Taylor, and Karin Wilson.
(Re James R. Taylor et al. v. Joshua Lee).
1990773.
Supreme Court of Alabama.
September 21, 2001.
Dissenting Opinion Modified on Denial of Rehearing December 14, 2001.
*884 Charles Cleveland of Cleveland & Cleveland, P.C., Birmingham, for petitioners.
W.L. Longshore III of Longshore, Buck & Longshore, P.C., Birmingham, for respondent.
Justice Johnstone's Dissenting Opinion Modified on Denial of Rehearing December 14, 2001.
WOODALL, Justice.
James R. Taylor, Sylvia Ann Taylor, and Karin Wilson seek certiorari review of a judgment of the Court of Civil Appeals. The Court of Civil Appeals, without opinion, affirmed a judgment entered against them on a jury verdict in favor of Joshua Lee. Taylor v. Lee, 789 So.2d 249 (Ala.Civ. App.1999) (table). We reverse and remand.
The petition arises out of a dispute over the boundary lines of properties located in Section 36, Township 20 South, Range 3 West, in Shelby County. James and Sylvia Ann Taylor own Tract 34, Karin Wilson owns Tract 37, which is south of the Taylor property, and Joshua Lee owns Tract 35, which is east of the Taylor and Wilson properties. Whether the quarter-quarter section line runs between the Lee property and the other two properties or entirely on the Lee property is the subject of the dispute. The disputed area is a strip of land between the north-south quarter-quarter section line and an old fence line that runs north and south over the Taylor and Wilson properties approximately 40 to 60 feet west of the quarter-quarter section line ("the strip"). For some years, the Taylors have maintained a septic tank and field lines on the strip.
The Taylors commenced this action after Lee claimed ownership of the strip, that is, after he claimed that his property extended to the old fence line and constructed a chain-link fence along the old fence line. Wilson filed a complaint in intervention. The complaints of the Taylors and Wilson each sought compensatory and punitive damages for trespass. They also sought "a permanent injunction against [Lee] directing [him] to remove the encroachments [he] constructed on [their] propert[ies]," and an order "permanently enjoining [him] from further trespassing, intruding, or encroaching on [their] propert[ies]." Furthermore, they sought a determination of "the true boundary line between [their] propert[ies] and the properties of [Lee]," and demanded a jury trial.
Subsequently, Lee filed a two-count counterclaim against the Taylors and Wilson. In count one, he alleged that the Taylors had "intruded and trespassed on [his] property by moving a trailer and its septic tank system up to and over onto [his] property." He alleged that Wilson had "trespassed onto [his] property with malicious intent for the purpose of harassing [him]." He sought damages against the Taylors and Wilson for trespass. In count two, he alleged that "there [was] a dispute between [him] and plaintiffs over the boundary line between their respective properties, and ... request[ed] the court to determine the correct boundary line." He sought an order requiring the "plaintiffs to remove any encroachments they have on [his] property," and enjoining them from "trespassing onto [his] property."
Acting on Lee's motion, and over the objections of the Taylors and Wilson, the trial court severed the boundary-line issue from the other claims, and tried that issue without a jury. On the basis of evidence presented ore tenus, the trial court concluded that the true boundary line between Lee's property and the properties of the Taylors and Wilson lies along the old fence line, and that, therefore, Lee owned the strip. These conclusions were set forth in an order issued on January 4, 1998.
In the subsequent trial of the trespass claims, the court entered a judgment as a *885 matter of law ("JML") against the Taylors and Wilson on their claims against Lee, but submitted Lee's trespass claims to the jury. Alsoover the objections of the Taylors and Wilsonthe jury was informed that the trial court had determined that Lee owned the strip.
The jury returned a verdict in favor of Lee and against the Taylors, awarding $10,000 compensatory damages and $1 punitive damages, and in favor of Lee and against Karin Wilson, awarding $2,000 compensatory damages and $30,000 punitive damages. The trial judge rendered a judgment in accordance with the jury's verdict and his order of January 4, 1998.
The Taylors and Wilson appealed, contending that they were entitled to a jury trial on the boundary-line issue. After the Court of Civil Appeals affirmed without an opinion, 789 So.2d 249 (table), the Taylors and Wilson sought certiorari review on the ground that the judgment of the Court of Civil Appeals conflicts with the rule set forth in Dixson v. C. & G. Excavating, Inc., 364 So.2d 1160 (Ala.1978). Specifically, Dixson stated: "Under our rules, `[a]fter the legal claim has been determined, the court, in the light of the jury's verdict on the common issues, may decide whether to award any equitable relief.'" Id. at 1163 (emphasis added).
Lee contends that this action is a boundary-line dispute, and, therefore, he argues, "is to be determined by the trial court and not a jury." Brief of Respondent, at 5. For this proposition, he cites Beavers v. Woods, 624 So.2d 1343, 1345 (Ala.1993) ("where a true boundary line lies is a question for the trial court.... Neither side is entitled to a jury trial as a matter of right in a boundary line dispute (see Ala.Code 1975, § 35-3-2)....").[1]
The petitioners contend that, even if a boundary location is ordinarily a nonjury issue, in this case it is a question in "common" with the jury issues, such as the claims and counterclaims alleging trespass. Relying on the rule set forth in Dixson and the line of cases following it, they insist that the boundary-line issue is so inextricably intertwined with the issues of possession and the trespass claims that the nonjury determination of the boundary-line issue deprived them of the right to a trial by jury on the trespass claims. We agree with the petitioners.
Consistent with Dixson, this Court has repeatedly stated that in actions involving both legal and equitable claims, "[t]he trial must be arranged so that the decision of the equitable issues by the judge does not operate to deny a trial by jury of the legal issues." Evans v. Evans, 547 So.2d 459, 460 (Ala.1989). This Court recently reiterated this rule in Ex parte Thorn, 788 So.2d 140 (Ala.2000), a case involving both equitable and legal claims. In Thorn, we issued a writ of mandamus directing the trial court to separate the legal and equitable issues for trial and to try the equitable issues after the legal issues had been tried to the jury. In doing so, this Court explained:
"Accordingly, when both legal and equitable claims are joined in one action, then, the trial judge must arrange the order of trial so that the judge's decision on the equitable issues does not operate to deny a trial by the jury of the legal issues. See Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 510-11, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) (stating that *886 `only under the most imperative circumstances,... can the right to a jury trial of legal issues be lost through prior determination of equitable claims'); accord Crommelin v. Fain, 403 So.2d 177, 185 (Ala.1981). A jury first must decide any factual issues that are purely legal in nature, along with any factual issues common to the legal and equitable claims. See Dairy Queen, Inc. v. Wood, 369 U.S. 469, 479, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962) (holding that because the factual issues relating to the petitioner's breach of contract claim `[were] common with those upon which [the] respondents' claim to equitable relief [was] based, the legal claims involved in the action [had to] be determined prior to any final court determination of respondents' equitable claims'); see also 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2302.1, at 29 (2d ed.1995); 1 Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated § 2.2 at 24 (3d ed. 1996) (`[Beacon Theatres] held that the questions of fact common to the legal and equitable [claims] must be decided first by the jury, for to permit the court to make findings on these common issues of fact would deprive the litigant of his right to [a] jury trial.'). Once those factual findings are made, the trial judge must determine the remaining equitable issues. See Dairy Queen, 369 U.S. at 470, 82 S.Ct. 894, 8 L.Ed.2d 44.
"... In addition, those factual questions that are purely legal in nature, as well as those common to the legal and equitable issues, must first be decided by the jury. Dairy Queen, Inc. supra."
788 So.2d at 144-45 (emphasis added).[2]
For a number of reasons, the trial court's resolution of the boundary-line issue is contrary to the rule set forth in Thorn and the cases cited therein. First, it decided the claims in reverse order, that is, it decided what it believed to be a nonjury claim before the jury decided the legal claims. Subsequently, it allowed the jury to base its verdict on the resolution of the nonjury claim.
Second, the location of the boundary line was a factual question essential to the resolution of the trespass claims and counterclaim. In particular, the nonjury determination that the old fence line established the boundary line effectively resolved the issue of ownership of the strip in Lee's favor. It was on that basis that the court entered a JML for Lee on the trespass claims of the Taylors and Wilson. Howeveras they correctly, but unsuccessfully, argued to the trial courtthe judge's finding effectively resulted in a JML for Lee on Lee's trespass claims against the Taylors and Wilson. In other words, the boundary-line determination essentially required a finding by the jury that the Taylors and Wilson were trespassing on Lee's propertythe only issue left for the jury's determination was the amount of damages to be awarded to Lee.
Because the boundary-line issue was inherently inseparable from the trespass claims, the nonjury resolution of that issue deprived the parties of the right to a trial by jury on the legal claims alleging trespass. Consequently, the judgment of the Court of Civil Appeals is reversed, and the cause is remanded for the entry of an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
*887 HOUSTON, BROWN, HARWOOD, and STUART, JJ., concur.
MOORE, C.J., and SEE, LYONS, and JOHNSTONE, JJ., dissent.
LYONS, Justice (dissenting).
The majority reverses the judgment of the Court of Civil Appeals, concluding that the trial court's judgment should be reversed for failure to submit the boundary-line dispute to the jury. I respectfully dissent.
Actions for determining a boundary are governed by Ala.Code 1975, § 35-3-2; that section provides, in pertinent part:
"The court shall determine any adverse claims in respect to any portion of the land involved which it may be necessary to determine for a complete settlement of the boundary lines and shall make such order respecting costs and disbursements as it shall deem just."
Cases involving both legal and equitable claims (made possible by the abolition of the distinction between law and equity in Rule 2, Ala. R. Civ. P.) require jury trials of the factual issues common to the legal and equitable claims. Ex parte Thorn, 788 So.2d 140, 144 (Ala.2000). However, this general rule cannot be applied in this case for two reasons.
First, under § 35-3-2, where an action seeking a determination of a boundary is joined with an action for trespass, success in establishing the boundary is the predicate for a recovery in trespass. Rule 18(b), Ala. R. Civ. P., permits the joinder of two claims in the same action even though one of them is cognizable only after the other has been prosecuted to a conclusion. The provision for such joinder is limited by the proviso that the court can grant relief only in accordance with the relative substantive rights of the parties. One cannot, by joining claims under Rule 18, secure a jury trial on a claim as to which a jury would not be required were the claim brought separately. Crovo v. Aetna Cas. & Sur. Co., 336 So.2d 1083 (Ala.1976). This Court has consistently construed proceedings for determining a boundary under § 35-3-2 as a matter for the trial courtnot for a jury. Beavers v. Woods, 624 So.2d 1343, 1345 (Ala.1993). The jury demand in this case, based upon the trespass claim, does not require that the issues dealing with the boundary-line determination be submitted to the jury.
Second, application of the general rule stated in Ex parte Thorn so as to require a jury trial on the boundary-line issue would defeat that portion of § 35-3-2 in which the Legislature called for issues in a boundary-line dispute to be determined by the court, without intervention of a jury. Rule 81(a)(32), Ala. R. Civ. P., preserves the primacy of statutory procedural provisions in proceedings where the Rules of Civil Procedure conflict with the procedural requirements found in an applicable statute. Under the circumstances here presented, § 35-3-2 trumps Rule 2.
A jury is permitted in an action for ejectment brought pursuant to § 6-6-280 et seq., and § 6-6-285 permits a jury to determine a boundary line in such a proceeding. However, the Taylors and Wilson made no effort before the trial court to have either their claim or Lee's counterclaim recast as in the nature of an ejectment action in furtherance of their contention that the boundary-line dispute should have been settled by the jury. This Court employed such a reevaluation of the proceedings in Karrh v. Willis, 544 So.2d 921 (Ala.1989), at the behest of the appellee, in order to affirm the trial court. However, I cannot embrace a restatement of any of the claims presented in this proceeding as truly sounding in ejectment, if indeed any or all of them could be, as an alternative *888 basis on which to concur in the result reached by the majority. This Court "will affirm the trial court if its ruling is correct on any valid ground or rationale, even one rejected or not considered by the trial court." Rogers Found. Repair, Inc. v. Powell, 748 So.2d 869, 872 (Ala.1999) (emphasis omitted). However, "the appellate courts will not reverse a trial court on any ground not presented to the trial court." Id.
Based on the record before us, I would affirm the judgment of the Court of Civil Appeals, which affirmed the judgment of the trial court.
MOORE, C.J., and SEE, J., concur.
JOHNSTONE, Justice (dissenting).
I concur in Justice Lyons's dissent. I add a few observations of my own.
The effect of the main opinion will be that any party who wants a jury trial on a boundary-line dispute will either join it with a trespass claim or will file a counterclaim in trespass. In the case before us, the trial judge followed the correct procedure and sequence. He first decided the boundary-line dispute. This equity-issue decision determined who owned the property. He then relegated the trespass claim to the jury for it to decide the nonequity issues of whether the nonowners had trespassed upon the property and, if they had trespassed, how and how much they had trespassed and what damages should be assessed. We should affirm.
NOTES
[1] Under appropriate circumstances, a party has a statutory right to a jury determination of a disputed boundary line. See Ala.Code 1975, § 6-6-285. Therefore, in light of § 6-6-285, "it is clear that the legislature concluded that issues involved in such cases were not beyond the pale of jury determination." Cumens v. Garrett, 294 Ala. 535, 540, 319 So.2d 665, 667 (1975).
[2] Crovo v. Aetna Casualty & Surety Co., 336 So.2d 1083 (Ala.1976), on which Justice Lyons relies in his dissent, involved legal and equitable claims that had no common issues of fact. Therefore, it is inapposite.