**MCALLISTER TOWING & TRANSPORTATION COMPANY, INC.,**
Plaintiff,

v.

**THORN'S DIESEL SERVICE, INC.,**
**and Rex Thorn, Defendants.**

No. Civ.A. 00A1618–N.

United States District Court,
M.D. Alabama,
Northern Division.

Feb. 13, 2001.

J. Stephen Simms, Steven S. McCloskey, Baltimore, MD, for plaintiff.

Richard A. Lawrence, Montgomery, AL, for defendant.

*MEMORANDUM OPINION*
*AND ORDER*

ALBRITTON, Chief Judge.

## I. *INTRODUCTION*

This matter comes before the court on a Motion to Dismiss (doc. # 6) filed by Defendant Thorn's Diesel Service, Inc. ("Thorn's Diesel") on December 20, 2000. Plaintiff McAllister Towing & Transportation Company, Inc. ("Plaintiff") filed the instant suit on November 22, 2000, against Thorn's Diesel and Rex Thorn ("Thorn" or collectively "Defendants"), president of Thorn's Diesel, alleging claims of breach of contract ("Count I") and fraud ("Count II") and violations of the federal Racketeering Influence and Corrupt Organization Act ("RICO") ("Count IV"). Plaintiff also seeks to pierce the corporate veil and hold Thorn personally liable for the actions of Thorn's Diesel ("Count III"). Plaintiff asserts that the court has federal question jurisdiction over the RICO claim pursuant to 28 U.S.C. § 1331, admiralty jurisdiction over the breach of contract claim pursuant to 28 U.S.C. § 1333, and supplemental jurisdiction over the fraud claim pursuant to 28 U.S.C. § 1367. For the reasons to be stated, the Motion to Dismiss is due to be GRANTED in part and DENIED in part.[1]

## II. *FACTS*

The Plaintiff's Complaint alleges the following facts:

On or about June 9, 2000, Plaintiff ordered from Defendants a transmission gear box for the vessel Puerto Neuvell. Plaintiff informed Defendants that time was of the essence, and Defendants expressly and repeatedly assured Plaintiff that the gear box would ship within thirty days after Plaintiff confirmed the order and Defendants received the purchase price. Plaintiff paid the $35,000 purchase price by June 22, 2000. Defendants, how-

---

1. Since the briefs of the parties sufficiently present the issues, Thorn's Diesel's Request for Oral Argument is due to be DENIED.

ever, did not deliver the goods within the thirty days. After repeated requests for delivery, and after the lack of delivery by Defendants, Plaintiff cancelled its order with Defendants and obtained the gear box through an alternative source. Defendants have refused to return the $35,000 paid by Plaintiff.

### III. *DISCUSSION*

Thorn's Diesel asserts in its Motion to Dismiss that the court lacks jurisdiction over the instant case. In particular, Thorn's Diesel argues that the court lacks admiralty jurisdiction because the instant contract to sell a transmission gear box does not constitute a maritime contract and that the court lacks diversity jurisdiction because Plaintiff cannot satisfy the amount in controversy requirement. As to the RICO claim, Thorn's Diesel asserts that Plaintiff has failed to state a cause of action under RICO, thereby removing federal question jurisdiction. If the court disagrees with Thorn's Diesel on the jurisdictional grounds, Thorn's Diesel alternatively argues that Plaintiff has failed to plead a claim for fraud with the particularity required by Federal Rule of Civil Procedure 9(b), and that Plaintiff has failed to state a cause of action for fraud. The court will first address the threshold issue of jurisdiction.

A. Jurisdiction

■ Article III, Section 2, of the United States Constitution extends the judicial power of the United States to "all Cases of admiralty and maritime Jurisdiction." "With regard to contracts, determining whether a particular agreement falls within this jurisdictional grant focuses on 'the nature of the contract, as to whether it has reference to maritime service or maritime transactions.'" *Nehring v. Steamship M/V Point Vail,* 901 F.2d 1044, 1048 (11th Cir.1990) (quoting *E.S. Binnings, Inc. v. M/V Saudi Riyadh,* 815 F.2d 660, 662 (11th Cir.1987)). The mere fact that a contract has some reference to a maritime matter, however, is not sufficient to bring it within admiralty jurisdiction.

*Id.* Instead, to qualify as maritime, the elements of a contract must "pertain directly to and be necessary for commerce or navigation upon navigable waters.... The test we apply in deciding whether the subject matter of a contract is necessary to the operation, navigation, or management of a ship is a test of reasonableness, not of absolute necessity." *Ambassador Factors v. RMS,* 105 F.3d 1397, 1399 (11th Cir. 1997) (quoting *Nehring,* 901 F.2d at 1048).

■ Deciding whether contracts come within federal maritime jurisdiction is not subject to exactitude. *Nehring,* 901 F.2d at 1048. Precedent and usage are helpful insofar as they exclude or include certain common types of contract: a contract to repair, or to insure a ship, is maritime, but a contract to build a ship is not. *Kossick v. United Fruit Co.,* 365 U.S. 731, 735, 81 S.Ct. 886, 6 L.Ed.2d 56 (1961) (citations omitted). Generally, contracts to provide services or supplies to a vessel are maritime in nature. *Goodman v.1973 26 Foot Trojan Vessel,* 859 F.2d 71, 73 (8th Cir. 1988); *CTI–Container Leasing Corp. v. Oceanic Operations Corp.,* 682 F.2d 377, 379 (2d Cir.1982). The court faces the question of whether a contract to sell a transmission gear box to be used in a vessel is a maritime contract.

The contract at issue clearly qualifies as a maritime contract because the subject matter of the contract is necessary for the operation of a vessel. A vessel owner must acquire replacement parts for the vessel's engine for it to continue to operate. Moreover, courts have generally held that a contract to acquire ship equipment is a maritime contract. *CTI–Container,* 682 F.2d at 381 (contract to lease containers to be used on a vessel); *Clubb Oil Tools, Inc. v. M/V George Vergottis,* 460 F.Supp. 835, 839 (S.D.Tex.1978) (contract to lease oil pipe to a vessel owner to facilitate the loading of oil aboard the vessel); *Radiomarine Corp. v. Gulf Northern Co., Inc.,* 394 F.Supp. 381, 383 (E.D.Mo. 1975) (contract to lease marine electronic equipment installed aboard vessel); *Hous-*

*ton–New Orleans, Inc. v. Page Eng'g Co.,* 353 F.Supp. 890, 898–99 (E.D.La.1972) (contract to sell a control panel for a crane mounted on a vessel); *The Sam & Priscilla,* 1926 A.M.C. 67, 69–70 (1st Cir.1926) (contract to furnish a seine and accessories to a fishing schooner). Accordingly, a contract to sell a transmission gear box to be used in a ship is a maritime contract. *Maru v. Burmeister,* 528 F.Supp. 210, 214 (S.D.N.Y.1981) (holding that a sale of maritime engine parts is a maritime contract).

■ Alternatively, Thorn's Diesel argues that the contract at issue loses its maritime nature because the transmission was never delivered and never placed in the vessel.[2] This argument lacks any merit. The Supreme Court has held that it has admiralty jurisdiction over a claim by a plaintiff to recover money it paid to a defendant pursuant to a maritime contract where the defendant did not perform his duties under the contract. *Archawski v. Hanioti,* 350 U.S. 532, 536, 76 S.Ct. 617, 100 L.Ed. 676 (1956); *see also Compania Argentina De Navegacion Dodero v. Atlas Maritime Corp.,* 144 F.Supp. 13, 14 (S.D.N.Y.1956) (holding that the court had admiralty jurisdiction over a case where a plaintiff alleged a defendant breached its contract to supply auxiliary equipment including boiler intakes by notifying plaintiff that the defendant would not deliver the equipment). Accordingly, the court has admiralty jurisdiction over Plaintiff's claim to recover the $35,000 it paid to Thorn's Diesel pursuant to a contract to purchase a transmission gear box for a vessel.

### B. Fraud Claim

■ Thorn's Diesel also claims that Plaintiff has failed to state a claim for fraud and failed to plead a claim for fraud with the particularity required by Federal Rule of Civil Procedure 9(b). Thorn's Diesel argues that Plaintiff has failed to state a claim for fraud because the failure to perform a contract is not in itself evidence of an intent to deceive and that Plaintiff's only evidence of fraud is Thorn's Diesel's failure to perform a contract. *Russellville Prod. Credit Ass'n v. Frost,* 484 So.2d 1084, 1086 (1986). Thorn's Diesel notes that "[i]n order for fraud to be predicated upon a promise, it is essential that the promisor intended not to perform at the time of making the promise." *Robinson v. Allstate Ins. Co.,* 399 So.2d 288, 290 (Ala. 1981).

■ In reviewing a motion to dismiss, the court accepts as true the complaint's well pleaded facts, even if disputed. *Miccosukee Tribe of Indians of Florida v. Florida State Athletic Com'n,* 226 F.3d 1226, 1230 n. 3 (11th Cir.2000). Plaintiff specifically alleges that Thorn's Diesel had an intent to deceive at the time it made its promises to Plaintiff. Complaint at ¶ 11. Therefore, the court rejects this argument.[3]

■ In addition, Thorn's Diesel asserts that Plaintiff did not plead its fraud claim with the particularity required by Rule 9(b). Rule 9(b) provides that: "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." This rule "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudu-

**2.** Thorn's Diesel also alleges that the Complaint only sets forth a breach of an executory contract for the purchase of a transmission gear box. An executory contract is "[a] contract that remains wholly unperformed or for which there remains something still to be done on both sides." Black's Law Dictionary 321 (7th ed.1999). Plaintiff alleges that it has performed its duties under the contract by paying Thorn Diesel the full purchase price for the transmission gear box. Thus, Thorn's Diesel incorrectly characterizes the contract as an executory contract.

**3.** Thorn's Diesel also contends that Plaintiff's general allegation of intent is insufficient to plead a claim for fraud. Rule 9(b) expressly states that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." Thus, Plaintiff satisfied this pleading requirement by making a general allegation of intent.

lent behavior." *Durham v. Business Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir.1988). Further, "Rule 9(b) must be read in conjunction with Rule 8(a) [of the Federal Rules of Civil Procedure], which requires a plaintiff to plead only a short, plain statement of the grounds upon which he is entitled to relief." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir.1997) (quoting *O'Brien v. National Property Analysts Partners*, 719 F.Supp. 222, 225 (S.D.N.Y. 1989)). Rule 9(b) may be satisfied if the complaint sets forth:

> (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud.

*Id.* at 1380–81.

Plaintiff has met the first, third, and fourth prongs of the Rule 9(b) test. First, Plaintiff has alleged in its complaint the precise oral misrepresentations made by Defendants. Plaintiff alleges that "Defendants expressly and repeatedly represented that the engine and transmission would be shipped within thirty days after Plaintiff's confirmed order and the Defendants' receipt of the purchase price." Complaint at ¶ 9. As to the third prong, Plaintiff alleged that the Defendants' statements misled Plaintiff because Defendants did not intend to perform the contract when they made the representations to the Plaintiff and Plaintiff relied on those representations in deciding to enter into a contract with Defendants. Complaint at ¶ 10–12. Plaintiff satisfies the fourth prong by alleging that Defendants obtained as a consequence of the fraud, $35,000, the full purchase price of the

transmission gear box. Complaint at ¶ 12, 13.

■ The court, however, encounters a more difficult question in whether Plaintiff adequately identified the persons responsible for making the statements and their roles in the fraud. Courts interpret Rule 9(b) as requiring a complaint filed against multiple defendants to distinguish among defendants and specify their respective role in the alleged fraud. *Brooks*, 116 F.3d at 1381; *see also Balabanos v. North Am. Inv. Group, Ltd.*, 708 F.Supp. 1488, 1493 (N.D.Ill.1988) (stating that in cases involving multiple defendants "the complaint should inform each defendant of the specific fraudulent acts that constitute the basis of the action against the particular defendant"). The courts reason that because fair notice is perhaps the most basic consideration underlying Rule 9(b), a plaintiff who pleads fraud must reasonably notify the defendants of their purported role in the scheme. *Brooks*, 116 F.3d at 1381 (citations omitted). Accordingly, a plaintiff does not satisfy this requirement by simply grouping the defendants together by vaguely alleging that the "defendants" made the alleged fraudulent statements. *Vicom, Inc. v. Harbridge Merch. Services, Inc.*, 20 F.3d 771, 778 (7th Cir. 1994) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.' ") (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir.1993)).[4]

In its Complaint, Plaintiff fails to make any specific allegation with respect to each separate defendant. For instance, Plaintiff does not make any specific allegation as to the statements Thorn personally made to Plaintiff or the role Thorn personally played in the creation and execution of the disputed contract. Similarly, Plaintiff

---

4. The court recognizes that under the "group-published information" exception, a plaintiff may fulfill Rule 9(b)'s particularity requirements by grouping corporate officers together as defendants. The exception applies "in cases of corporate fraud where the false or misleading information is conveyed in pro-spectuses, registration statements, annual reports, press releases, or other 'group-published information,' it is reasonable to presume that these reports are the collective actions of the officers." *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1440 (9th Cir.1987). This exception does not apply in this case.

fails to make any specific allegations as to the statements made by employees of Thorn's Diesel and which employees of Thorn's Diesel made those statements and which employees participated in the creation and execution of the disputed contract. *Sky Tech. Partners, L.L.C. v. Midwest Research Institute*, 125 F.Supp.2d 286, 299 (S.D.Ohio 2000) (holding that a complaint was deficient under Rule 9(b) where the plaintiff failed to identify those employees or representatives of the defendants who made the allegedly fraudulent statements); *Budgetel Inns, Inc. v. Micros Sys., Inc.*, 8 F.Supp.2d 1137, 1150 (D.Wis. 1998) (holding that a complaint was deficient under Rule 9(b) where the plaintiff failed to identify what individuals at Micros made the statements and which of Budgetel's own employees actually heard the communications); *United States ex rel. DeCarlo v. Kiewit/AFC Enters., Inc.*, 937 F.Supp. 1039, 1050 (S.D.N.Y.1996) (holding that a complaint was deficient under Rule 9(b) where the plaintiff only referred to the corporate defendant and did not identify any specific employees who may have been involved in submitting false claims). Instead, Plaintiff only alleges that "Defendants expressly and repeatedly represented that the engine and transmission would be shipped within thirty (30) days," Complaint at ¶ 9, and that "Defendants did not intend to deliver the goods ordered within thirty (30) days and intended to deceive the Plaintiff," Complaint at ¶ 11. Plaintiff's allegations simply fail to distinguish among Defendants and specify their respective role in the alleged fraud, thereby not fulfilling the pleading requirements of Rule 9(b).

In response, Plaintiff claims that the allegations contained in its Complaint are substantially similar and patterned after the fraud allegations in the case of *Bethel v. Thorn*, 757 So.2d 1154 (1999). In *Bethel*, the Alabama Supreme Court faced a claim against the same defendant in this case, Thorn, for breach of contract and fraud arising from the failure of Thorn and

his prior corporation, Diesel Repower, Inc., to deliver an engine and transmission ordered and paid by the plaintiff. *Id.* at 1156. The Alabama Supreme Court held that the plaintiff alleged fraud with the particularity required in Alabama Rule of Civil Procedure 9(b), which is identical to the Federal Rule of Civil Procedure 9(b). *Id.* at 1159–60. In particular, the plaintiff alleged that the "Defendants [made] repeated representations and assurances that the engine, transmission, and generators would be delivered in a timely fashion," and that the "Defendants did not intend to perform [the contracts]." *Id.* at 1159.

 Although the *Bethel* decision is on point, Plaintiff's reliance is misplaced because federal courts that decide supplemental state law claims are required to apply state substantive law but federal procedural law. *Lundgren v. McDaniel*, 814 F.2d 600, 605 (11th Cir.1987); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (indicating that the *Erie* doctrine [5] applies to supplemental state claims litigated in federal courts); *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 346 (7th Cir.1997) (holding that in reviewing a state claim pursuant to supplemental jurisdiction, federal courts apply state substantive law and federal procedural law). Accordingly, the procedure for pleading fraud in federal courts is governed by federal law and not state law, the same as in diversity suits. *Cf. Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir.1985) ("[T]he procedure for pleading fraud in federal courts in all diversity suits is governed by the special pleading requirements of Federal Rule of Civil Procedure 9(b)."). Federal Rule of Civil Procedure 9(b) requires a plaintiff in pleading fraud to distinguish among defendants and specify their respective role in the alleged fraud. Plaintiff has failed to satisfy this requirement of Rule 9(b). Therefore, Thorn's Diesel's Motion to Dismiss is due to be GRANTED.

**5.** *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

## C. RICO

Plaintiff agrees to dismiss its RICO claim as to Thorn's Diesel, but does not agree to dismiss its .RICO claim as to Thorn. Therefore, Thorn's Diesel's Motion to Dismiss is due to be GRANTED.

## V. *CONCLUSION*

The court finds that it has admiralty jurisdiction over this case because a contract to sell a maritime transmission part for use on a vessel constitutes a maritime contract. The court, however, finds that Plaintiff failed to plead its fraud claim with the particularity required by Rule 9(b). The court will grant Plaintiff ten days from the date of this Memorandum Opinion and Order to submit an Amended Complaint. The court finds that Plaintiff's RICO claim against Thorn's Diesel is due to be dismissed. Accordingly, it is hereby ORDERED as follows:

1. The Motion to Dismiss filed by Defendant Thorn's Diesel Service, Inc., (doc. # 6) is GRANTED in part and DENIED in part.

2. The Motion to Dismiss for lack of jurisdiction is DENIED.

3. Count II of the Complaint, which alleges a claim for fraud, is DISMISSED without prejudice.

4. Count IV of the Complaint, which alleges a RICO claim, is DISMISSED as to Thorn's Diesel Service, Inc.

5. If Plaintiff wishes to replead Count II of the Complaint, Plaintiff may submit an Amended Complaint within ten days after entry of this Memorandum Opinion and Order. An Amended Complaint must be complete unto itself, and not incorporate allegations from the original Complaint. Local Rule 15.1.