CRAWLEY, Judge,
concurring in part and dissenting in part.
I concur with the main opinion insofar as it reverses the summary judgment on the breach-of-contract claim regarding Profile Management’s supervision of the 1996 roofing project. I respectfully dissent, however, from the affirmance of the summary judgment on the breach-of-contract claim regarding Profile Management’s alleged combining of subcontracts in order to trigger the supervisory-fee provision of the contract.
The main opinion concludes that Plantation South’s allegation that Profile Management falsely combined several smaller subcontracts into one larger contract to trigger the eight percent fee arrangement states only a fraud claim. Although I agree that the allegation states a fraud claim, I disagree that it does not also state a breach-of-contract claim. In the present case, Profile Management agreed to charge Plantation South an eight percent fee only for contracts of $10,000 or more. It breached that agreement by demanding such a fee for contracts involving less than $10,000.
Our supreme court has recognized “that fraudulent concealment of facts after a contract has been made can support both a breach-of-contract claim and a fraud claim.” Bethel v. Thorn, 757 So.2d 1154, 1162 (Ala.1999) (emphasis added). See Deupree v. Butner, 522 So.2d 242 (Ala.1988) (affirming a judgment based on a jury verdict that builder had breached his contract to build a boat slip and had also fraudulently suppressed facts regarding the difficulty or impossibility of obtaining the necessary permit for the boat slip); Herring v. Prestwood, 414 So.2d 52 (Ala.1982) (affirming a judgment based on a jury verdict finding that the seller had breached a contract to sell land and also had fraudulently suppressed the fact that he had decided not to sell the land after he had signed an option offer).
MURDOCK, J., concurs.